UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON, ) | 1:08-CV-00220 AWI GSA HC |
| ) | |
| Petitioner, ) | ORDER SUMMARILY DISMISSING |
| ) | PETITION FOR WRIT OF HABEAS |
| v. ) | CORPUS |
| ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| C.D.C.R., BOARD OF PAROLE ) | TO ENTER JUDGMENT |
| HEARINGS, et al., ) | |
| ) | |
| Respondents. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections. On February 12, 2008, Petitioner filed the instant petition for writ of habeas corpus. Petitioner challenges the revocation of his parole on June 28, 2006, in Kings County Superior Court for indecent exposure. As a result, Petitioner must register as a sex offender for life. Petitioner also challenges a Rules Violation Report issued on December 31, 2007, for failing to sign sexual

---

[1] This information is derived from the petition for writ of habeas corpus.

registration forms. He alleges that on an unidentified date sometime between January 5, 2008, and the date he filed this petition, he was found guilty of the charges and assessed a 30-day loss of time credits.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B. Successive Petition

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because

a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

As stated above, in his first claim for relief Petitioner challenges his June 28, 2006, parole revocation in Kings County Superior Court. A review of the Court's dockets and files shows Petitioner has previously sought habeas relief with respect to his parole revocation on multiple prior occasions. In case no. 1:07-CV-1398 AWI SMS HC, the petition is currently in the briefing stage. In case no. 1:07-CV-1561 LJO WMW HC, the petition is currently pending a motion to dismiss. In case no. 1:07-CV-1615 LJO WMW HC, the petition is currently in the briefing stage.

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file a successive petition attacking his parole revocation.  That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the claim.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed in bringing a petition for writ of habeas corpus as to his parole revocation, he must file for leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244 (b)(3).

C.  Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

As to the remaining grounds in the instant petition, Petitioner challenges the Rules Violation Report issued on December 31, 2007. As noted above, Petitioner states he sustained a guilty determination at some point between January 5, 2008, and the date he filed this petition, to wit,

February 12, 2008. It is clear that Petitioner has not exhausted his state remedies with respect to the Rules Violation. The guilty determination only occurred within the past month. It is virtually impossible that Petitioner proceeded through his administrative appeals and all three levels of the state courts within that time period. Petitioner claims that certain petitions for writ of habeas corpus were denied in the month of January, 2008: one filed in the California Court of Appeals that was denied January 17, 2008; and one filed in the California Supreme Court that was denied on January 18, 2008. Nevertheless, Petitioner admits that these petitions were filed in 2006 and 2007, so it is not possible that they challenge the 2008 guilty determination. Therefore, the balance of the petition is unexhausted and must be dismissed. 28 U.S.C. § 2254(b)(1).

Petitioner is advised that a dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, Petitioner is *strongly cautioned* that he must fully exhaust his state remedies with respect to the December 31, 2007, Rules Violation Report before returning to federal court. In the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition will likely be dismissed with prejudice pursuant to Fed. Rules Civ. Proc. 41(b). In Slack v. McDaniel, 529 U.S. 473, 489 (2000), the Supreme Court stated:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The Petition for Writ of Habeas Corpus is SUMMARILY DISMISSED; and

2) The Clerk of Court is DIRECTED to enter judgment in this matter.

IT IS SO ORDERED.

**Dated:    March 7, 2008**              /s/ Anthony W. Ishii
                                         UNITED STATES DISTRICT JUDGE